

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:16-CR-61 |
| | § | |
| LANCE GIOVANNI FONTENOT | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Lance Giovanni Fontenot, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #42) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on August 21, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and

1

recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On January 31, 2017, The Honorable Marcia A. Crone, of the Eastern District of Texas, sentenced Mr. Fontenot after he pled guilty to the offense of Maliciously Conveying False Information About Explosive Material, a Class C felony. Judge Crone sentenced the defendant to 21 months imprisonment, followed by a three (3) year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, credit and gambling restrictions, $100 special assessment, and restitution in the amount of $372,691.79. On December 22, 2017, Lance Giovanni Fontenot completed his period of imprisonment and began service of the supervision term.

On June 5, 2019, Judge Crone modified Mr. Fontenot's terms of supervised release to include participation in a cognitive-behavioral treatment program and he reside in a community corrections center for 180 days. *See Petition* (doc. #40) and *Order* (doc. #41).

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated a special condition of his supervision as follows:

*You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You must abide by the rules and regulations of the center, and due to the outstanding restitution/fine balance subsistence is waived. While residing in a residential reentry center, you must submit 25% of your gross earnings each month toward your outstanding restitution/fine balance.*

Specifically, the petition alleges that on June 25, 2019, Lance Fontenot was unsuccessfully discharged from Liedel Sanctions center for failing to follow the rules and regulations of the center by failing to be at approved locations while outside of the facility traveling to unknown locations during times asway form Liedel.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the case proceeded to a final hearing, the Government would present evidence to show that as a condition of his supervised release, Mr. Fontenot was ordered to reside in a residential reentry center for a period of 180 days. The evidence would further show that Mr. Fontenot was placed at Liedel, a residential reentry center. While at Liedel, the defendant was unsuccessfully discharged for failing to abide by the rules and regulations of the

center. Specifically, he failed to be at approved locations while outside of the facility.

Defendant, Lance Fontenot, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to follow the rules of the residential reentry center and was unsuccessfully discharged in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by failing to follow the rules of the residential reentry center and failing to complete his placement there. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of II and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent

confinement may be converted to an equivalent period of imprisonment. In this case, according to information submitted by the Probation Office, Mr. Fontenot failed to complete 172 days of court-ordered halfway house time when he was unsuccessfully discharged from Liedel.

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than three (3) years. *See* 18 U.S.C. § 3583(b)(2)&(h).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

his supervision conditions.  Mr. Fontenot pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.  The undersigned magistrate judge recommends that the District Court order Defendant, Lance Fontenot, to serve a term of **six (6) months imprisonment** for the revocation.  The six (6) month term includes 172 days of unserved residential reentry center time pursuant to the parties' agreement.  **The Court recommends placement in one of the Federal Bureau of Prison correctional facilities located in either Bastrop, Texas, or El Reno, Oklahoma, if possible, pursuant to defendant's request.**

The Court also recommends that Mr. Fontenot serve a new one (1) year term of supervision upon his release from prison.  The new term of supervision should be subject to the same mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction.  The Court further finds that the special conditions previously imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke.  The conditions of supervision should accordingly include the following:

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

While on supervised release, you must not commit another federal, state, or local crime.

You must not unlawfully possess a controlled substance.

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court.

You must comply with the standard conditions that have been adopted by the Court.

It is further ordered that you are to pay restitution totaling $372,377.11 to the victim listed in the "Restitution" section of the Presentence Report, which is due and payable immediately. Any fine/restitution amount that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of at least 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If you receive an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) you must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed.

Any and all financial penalties must be made payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 211 West Ferguson Street, Room 106, Tyler, Texas 75702.

You must reside in a residential reentry center or similar facility, in a community corrections component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. Due to the outstanding restitution/fine balance, subsistence is waived. While residing in a residential reentry center, you must submit 25% of your gross earnings each month toward your outstanding restitution/fine balance.

You must pay any financial penalty that is imposed by the judgment.

You must provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and efforts to obtain and maintain lawful employment and income.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

You must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen

(14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 23rd day of August, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE